UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMBRIDGE INTEGRATED SERVICES GROUP, INC. | | |
| | * | CIVIL ACTION NO. 2:08-0316 |
| V. | * | |
| | * | JUDGE TRIMBLE |
| CONCENTRA INTEGRATED | * | |
| SERVICES, INC. | * | MAGISTRATE JUDGE HILL |

## RULING ON MOTION FOR JURY TRIAL

Before the court is the Motion for Jury Trial filed by plaintiff, Cambridge Integrated Services Group, Inc., ("Cambridge"). [rec. doc. 82]. The defendant, Concentra Integrated Services, Inc., ("Concentra") opposes the Motion on three grounds: (1) that the Motion is untimely; (2) that the Motion is improper because it does not specify the issues to be tried by jury; and (3) because every issue in the case "involves questions of law, which are to be determined by this Court not a jury." [rec. doc. 85]. Cambridge has filed a Reply. [rec. doc. 90]. Oral argument on the Motion was held on November 9, 2010.

During oral argument, counsel for Concentra declined to argue that the Motion was improper because it failed to specify the issues to be tried by jury. Counsel advised that he was not abandoning the issue. The undersigned notes that neither Fed. R Civ. P. 38 nor Fed. R Civ. P. 39 require a movant to specify the issues that it wishes to be tried by jury. To the contrary, Rule 38 states that "a party *may* specify the issue that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all issues so triable." (emphasis added). Accordingly, the objection on this ground lacks merit.

1

Furthermore, the instant Motion has been timely filed. The Seventh Amendment right to a civil jury is not absolute and may be waived if the request for a jury is not timely. *See Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) *citing General Tire & Rubber Co. v. Watkins,* 331 F.2d 192, 197 (4th Cir. 1964), *cert. denied*, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964). Nevertheless, because the right to a jury trial is fundamental, "courts must indulge every reasonable presumption against waiver." *McAfee v. Martin,* 63 F.3d 436, 437 (5th Cir. 1995) *quoting Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811-12, 81 L.Ed. 1177 (1937).

Fed. R Civ. P. 38 requires that a jury demand be served within fourteen days after service of the last pleading directed to such issue. While the Fifth Circuit has not defined the meaning of the term "pleading" as used in Rule 38, other courts have held that the meaning of the term is governed by Rule 7(a), which clearly states that a pleading is (1) a complaint, (2) an answer, (3) an answer to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, (6) a third-party answer, or (7) a court ordered reply to an answer. *See Burns*, 53 F.3d at 1241 (and cases and authorities cited therein). The Fifth Circuit has said that the "last pleading" requirement in Rule 38 usually means an answer or a reply to a counterclaim. *Matter of Texas General Petroleum Corp.* 52 F.3d 1330, 1339 (5th Cir. 1995) *citing McCarthy v. Bronson*, 906 F.2d 835, 840 (2nd Cir. 1990), *aff'd,* 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991).

In this case, it is undisputed that Concentra has never filed an answer in response to the original Complaint, or the First and Second Supplemental and Amended Complaints.  Rather, Concentra argues that the filing of its Motion to Dismiss and its Motion for Summary Judgment, filed in response to the original and First Supplemental and Amended Complaints, respectively, constitutes the functional equivalent of an answer, and that, therefore, the request for jury trial is untimely as it came more that fourteen days after those motions were filed.  That argument has some appeal.  However, as acknowledged by Concentra, several courts have held that such motions do not constitute a "pleading" for purposes of Rule 38.  *See In re Zeibon*, 565 F.2d 742, 747 (D.C. Cir. 1977) (and cases cited therein); *Richardson v. Stanly Works, Inc.,* 597 F.3d 1288, 1294 (10th Cir. 2010) *citing United States v. Anderson,* 584 F.2d 369, fn.4 (10th Cir. 1978); *Burns, supra*.  The undersigned agrees.  The motions to dismiss and for summary judgment are not "pleadings" for the purpose of Rule 38.

However, even if Concentra's motions constituted a "pleading" for purposes of Rule 38, Concentra has filed nothing in response to Cambridge's Second Supplemental and Amended Complaint, which unquestionably contains new issues not previously raised in its original or First Supplemental and Amended Complaint.  Accordingly, Cambridge's Motion for Jury Trial, filed within fourteen days of its Second Supplemental and Amended Complaint, is timely.  *See Gaujardo v. Estelle,* 580 F.2d 748, 752-753 (5th Cir. 1978), *overruled on other grounds*, *Thornburg v. Abbott*, 490 U.S. 401, 423-424 (1989).

Finally, it is premature for this court declare that all issues which will ultimately be presented at trial are not questions properly triable to a jury. The parties have not engaged in discovery or motion practice. Thus, it is simply too early in the proceeding for this court to determine what issues, if any, will remain for trial, much less make a determination as to which issues, if any, are triable by jury.

Accordingly, at this stage of the proceedings, Cambridge's Motion for a Jury Trial should be granted, reserving Concentra's right to file a Motion to Strike the jury after the triable issues have been determined. Obviously, in making this determination, the undersigned expresses no opinion on Concentra's Motion for Summary Judgment currently pending before Judge Trimble.

For the reasons set forth above;

The Motion for Jury Trial filed by plaintiff, Cambridge Integrated Services Group, Inc. [rec. doc. 82] is **granted**, reserving Concentra Integrated Services, Inc.'s right to file a Motion to Strike the jury after the triable issues have been determined. Accordingly, the **Clerk shall** note the plaintiff's demand for trial by jury on the docket.

Signed this 16th day of November, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE